UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20176-cv-COOKE/GOODMAN

ALOR, INC.,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before me on Plaintiff's Motion to Remand ("Motion") (ECF No. 4). Plaintiff's Motion is fully briefed and ripe for review. For the reasons set forth herein, the Motion is granted.

### I. BACKGROUND

In January 2018, Plaintiff sued in Florida state court seeking a declaration of coverage for damages it suffered during Hurricane Irma. *Compl.*, ECF No. 1-6, at pp. 3–8. Plaintiff's Complaint alleged damages over $15,000. *Id.* at p. 1. Plaintiff also requested reasonable attorney's fees under Section 627.428 of the Florida Statutes. *Id.* at pp. 2–3.

In February 2018, Defendant made its first attempt at removal based on diversity jurisdiction.[1] *Notice of Removal*, ECF No. 1-6, at pp. 27–29. Defendant argued that the $75,000 jurisdictional threshold was met because Plaintiff had made an initial settlement offer of $60,000, which amount included attorney's fees. *Id.* at ¶¶ 5, 7. Defendant claimed that Plaintiff's attorney's fees would continue to accrue as the litigation progressed and, in combination with the settlement offer, they would push the amount in controversy over the threshold. *Id.* Later that month, Plaintiff moved to have the case remanded to state court. *Mot. for Remand*, ECF No. 1-6, at p. 105. Plaintiff argued that Defendant had failed to meet its

---

[1] Plaintiff is a Florida corporation. Defendant is an Ohio corporation with its principal place of business in Arizona.

1

burden of proving the amount in controversy by a preponderance of the evidence. *Id.* at pp. 4–7.

The following month, Judge Paul C. Huck granted Plaintiff's Motion to Remand. *Order Granting Mot.*, ECF No. 1-6, at p. 136. Judge Huck began by noting that "all reasonable doubts concerning this Court's jurisdiction should be resolved in favor of remanding." *Id.* at p. 137 (agreeing with Plaintiff's reliance on *Williams v. Litton Loan Servicing, LP*, 2011 WL 521624, at *1 (M.D. Ala. Feb. 15, 2011)). Next, Judge Huck agreed with Plaintiff that Defendant had not carried its burden of proving the amount in controversy. *Order Granting Mot.*, at p. 139 (citing *Hall v. Am. Sec. Ins. Co.*, 2009 WL 2215131, at *2 (S.D. Fla. July 23, 2009)). In so doing, Judge Huck rejected Defendant's "vague" theory that attorney's fees would push the amount in controversy over the threshold. *Id.* at 137. Accordingly, Judge Huck remanded the case back to state court. *Id.* at p. 139.

In early 2019, Defendant filed its second Notice of Removal. ECF No. 1. Defendant puts forward the same basis for removal as it did in the first Notice of Removal—namely, the theory of accruing attorney's fees. *Id.* at ¶¶ 8–10. This time, Defendant submits an affidavit prepared by its attorney as evidence of this theory. *Id.* at ¶ 8.

In response, Plaintiff asserts that Defendant's second attempt at removal should fail for two reasons. First, Plaintiff argues that Defendant has once again failed to meet its burden regarding the amount in controversy. *Mot. for Remand*, ECF No. 4, at p. 1. Second, Plaintiff points to 28 U.S.C. § 1447(d), and to Eleventh Circuit precedent, both of which bar review of an order granting remand. *Id.* at pp. 1, 9; *see also Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) ("[T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed[.]").

## II. DISCUSSION

Defendant's attempt at removal here is virtually identical to its first removal attempt. The only difference is that Defendant now attempts to support its accruing fees theory with an affidavit prepared by its attorney. But while Defendant did not offer an affidavit in the first removal action, Judge Huck's analysis still applies with full force. *Cf. Williams v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 13223957, at *3 (S.D. Fla. Oct. 31, 2011) (an affidavit submitted

by an attorney was insufficient to meet the defendant's burden of establishing the amount in controversy by a preponderance of the evidence).

Here, Defendant's affidavit merely restates the same accruing attorney's fees theory put forward in the first removal action, which Judge Huck found to be insufficient. *Order Granting Mot.*, ECF No. 1-6, at p. 139. Thus, because federal jurisdiction is not "absolutely clear" in this case, the law of the Eleventh Circuit "favors remand." *Litton Loan Servicing, LP*, 2011 WL 521624, at *2.

But even if Defendant had satisfied its evidentiary burden, remand would still be required because this is Defendant's second attempt at removal. The relevant statute, 28 U.S.C. § 1447(d), bars such second attempts, with only one narrow exception—specifically, if the first removal was brought under 28 U.S.C. § 1442 or § 1443. Here, that exception does not apply.

Under Eleventh Circuit precedent, a remand order may also be reviewed "if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure[.]" *Atl. Hosp. of Florida, LLC v. Gen. Star Indem. Co.*, 2010 WL 5313493, at *1 (S.D. Fla. Dec. 20, 2010). Because Judge Huck's order was openly based on a lack of district court subject matter jurisdiction, Defendant may not seek review of the order here. *Id*.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED and ADJUDGED** as follows:

1) Plaintiff's Motion to Remand (ECF No. 4) is **GRANTED**.
2) This action is **REMANDED** to Florida state court. All pending motions, if any, are **DENIED** *as moot*. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, Miami, Florida, this 29th day of March 2019.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*

3